LEAR, Judge.
This is a tort action resulting from an intersectional collision which occurred in Lake Charles, Louisiana, on February IS, 1964.
Defendant filed a general denial to plaintiff’s petition and, in the alternative, plead the contributory negligence of the plaintiff. Defendant further filed a reconventional demand for property damages.
After a trial on the merits, the learned trial judge found both drivers negligent, dismissed both demands, and ordered that the court costs be equally divided between the parties. Plaintiff perfected a devolu-tive appeal; defendant neither appealed nor answered the plaintiff’s appeal.
The facts show that immediately before the accident plaintiff was driving a Vespa automobile south on Enterprise Boulevard; defendant was driving a Ford automobile east on Prien Lake Road. Both traffic arteries are straight and level at the intersection; however, the level of Prien Lake Road is somewhat above the level of Enterprise Boulevard, causing traffic on the Boulevard to go up a ramp-like area some four feet in length to reach the level of Prien Lake Road. The testimony indicated that this .increase is somewhere in the neighborhood of two feet. This may be seen from the photographs filed in evidence as D-2, D-3 and D-4. Traffic on Enterprise Boulevard is regulated by stop signs at the intersection.
Prien Lake Road, the favored street, has two traffic lanes, one for eastbound and one for westbound vehicles. Enterprise Boulevard has four lanes, separated by a grass-covered median, two lanes for northbound and two lanes for southbound vehicles.
Plaintiff testified that on the night of the accident, he was driving on Enterprise Boulevard on his way to the country club where he worked as a musician. When he reached the Prien Lake Road intersection he stopped, planning to make a right turn. He stated that he saw no traffic in the westbound lane of Prien Lake Road and commenced his right turn. He further *560 stated that as he pulled out, he was struck by the defendant’s vehicle which had also pulled out of the eastbound traffic lane to pass another vehicle headed east on Prien Lake Road. Plaintiff testified that he started his right turn maneuver at about the same instant that defendant pulled out to pass the other vehicle, which the evidence shows to have been a Volkswagen.
The testimony of the witnesses, as well as photographs of the two vehicles which were entered in evidence, show damage to the left side of the defendant’s Ford automobile in the vicinity of the left front door. Plaintiff’s vehicle was damaged in the entire front area.
The defendant, Mr. Duhon, identified himself as a minister of the First Church of Christ. He stated that he was driving at about 30 or 35 mph. and that he passed two Volkswagen automobiles before reaching the intersection of Prien Lake Road and Enterprise Boulevard. He was positive that he was back in the eastbound traffic lane of Prien Lake Road when he passed through the intersection; and it was further his testimony that he never saw the plaintiff’s vehicle until after the collision.
Mrs. Theda King was riding in a Volkswagen with Edgar King, Jr., who later became her husband. She testified that the defendant’s vehicle approached from the rear at a fairly rapid rate of speed as both vehicles were headed east on Prien Lake Road. At the time of the collision, according to her testimony, defendant was in the westbound lane in the act of passing the Volkswagen, which Volkswagen was sprayed with glass from the collision. This witness testified that she did not see plaintiff’s vehicle before the accident; however, she estimated the speed of the defendant’s vehicle at 50 mph.
Mr. Edgar King, Jr., who was driving the Volkswagen in which Mrs. King was riding, testified substantially as did Mrs. King.
Mr. Huey Bertrand was called as a witness and stated that he saw the accident and likewise was of the opinion that the defendant was in the westbound lane in the act of passing the Volkswagen at the time of the collision.
Mr. Walter Lafleur also witnessed the accident while standing in front of a service station at the intersection. He saw the defendant passing the Volkswagen at the intersection and estimated the speed of the defendant’s vehicle at 50 to 55 mph. However, this witness had given a statement about one week after the accident to the effect that the plaintiff ran the stop sign and struck the defendant’s vehicle, and further to the effect that he had not observed defendant’s vehicle before the impact. The statement did say that defendant appeared to be passing at the intersection, and the witness was positive in his testimony that such was the case.
Inasmuch as the debris resulting from this accident was so widely scattered, the investigating officers were unable to locate a definite point of impact at the intersection.
The trial judge concluded from the evidence that the collision occurred in the north or westbound traffic lane of Pr.ien Lake Road, and approximately in the center (east and west) of the projected southbound lanes of Enterprise Boulevard.
Based primarily on the damage to the two vehicles, the court concluded that at the time of impact plaintiff was proceeding forward and struck the left side of defendant’s vehicle with considerable force.
The trial judge did not believe that plaintiff was in the act of turning right or that the plaintiff had stopped for the stop sign. The court concluded that had the plaintiff been in the act of making a right turn, the two vehicles would have collided in more of a head-on position. The court likewise concluded that the defendant was guilty of negligence in passing another vehicle at an intersection.
Inasmuch as defendant has not appealed, it will only be necessary to determine wheth *561 er or not plaintiff was guilty of negligence which was a proximate cause of the accident.
Plaintiff argues primarily that, considering all of the evidence, the trial court erred in concluding that plaintiff ran the stop sign, or, if plaintiff did stop, that he failed to see what he should have seen respecting other vehicles in the intersection.
This court is of the opinion that there .is ample evidence in the record to support such a finding. From a review of the evidence, this court can find no manifest error in the conclusions reached by the learned trial judge.
For the reasons above stated, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.
Affirmed.